UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-769 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DESMOND LIGON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court upon the motion of defendant Desmond Ligon ("defendant" or "Ligon") to permit an out of time appeal. (Doc. No. 56 (Motion).) The government did not file a response to the motion. Because Ligon has met his burden of establishing "excusable neglect," the motion is granted.

I.  **BACKGROUND**

On August 11, 2020, Ligon entered a plea of guilty to one count of possession with intent to distribute carfentanil, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and was sentenced to a custody term of 44 months. (Doc. No. 25 (Judgment); Minutes of Proceedings [non-document], 8/11/2020; *see* Doc. No. 24 (Plea Agreement).) On January 30, 2024, Ligon entered an initial appearance on a report of supervised release violations. (Minutes of Proceedings [non-document], 1/30/2024; *see* Doc. No. 42 (Order Regarding Superseding Violation Report); Doc. No. 43 (Supplemental Report).) On November 13, 2024, Ligon appeared before the magistrate judge for a preliminary revocation hearing, at which time he admitted to Violation Nos. 1, 2, 3, 4, and 7 of the Superseding Violation Report. (Minute of Proceedings [non-document], 11/13/2024;

*see* Doc. No. 53 (Report and Recommendation).)

On December 3, 2024, the Court conducted a final revocation hearing, at which time the Court found Ligon to be in violation of the terms and conditions of his supervised release, as set forth in Violation Nos. 1, 2, 3, 4, and 7 of the Superseding Violation Report. The Court ordered Ligon's supervised release revoked and committed Ligon to the custody of the Federal Bureau of Prisons for a term of 20 months. The Court further held that the sentence was to be served consecutive to the undischarged sentences in state court. (Doc. No. 55 (Order on Violation of Conditions of Supervised Release); Minutes of Proceedings [non-document], 12/3/2024.)

On January 7, 2025, Ligon filed the present motion for an extension of time to file an appeal. In his motion, Ligon (through counsel) indicates that he "asked counsel to file an appeal [from the Order on Violation of Conditions of Supervised Release] in this case, however, through a miscommunication within counsel's office, the appeal was not timely filed." (Doc. No. 56, at 1.) Due to this miscommunication, Ligon requests an extension of 30 days from the date of the order on the supervised release violations to file a notice of appeal. (*Id*.) The government did not file any opposition to the motion, and the time for doing so has passed. (*See* Order [non-document], 1/8/2025.)

## II. DISCUSSION

Rule 4(b) of the Federal Rules of Appellate Procedure controls the timing for filing a notice of appeal. Rule 4(b)(1)(A) requires a criminal defendant to file a notice of appeal within 14 days *after* the later of: "(i) the entry of either the judgment or *the order being appealed*; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A) (emphasis added). The Court's Order was entered on December 3, 2024. Ligon, therefore, had until December 17, 2024 to file a

timely notice of appeal but did not file one. Rule 4(b)(4), however, allows for consideration of a motion to extend the time period for filing an appeal. Specifically, the rule provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

"Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). Excusable neglect, in contrast, covers both faultless omissions and omissions caused by carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). In *Pioneer*, the Supreme Court identified several factors for considering whether neglect is excusable, including: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. at 395 (citation omitted); *see also Stutson v. United States*, 516 U.S. 193, 195–97, 116 S. Ct. 600, 133 L. Ed. 2d 571 (1996) (establishing that the excusable neglect rule outlined in *Pioneer* also applies in criminal cases). District courts are not permitted to "carte blanche" grant motions for extensions of time under Fed. R. App. 4(b). *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996). Although the standard is not impossible to satisfy, "excusable neglect" has been reserved for "'extraordinary cases.'" *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 458 (6th Cir. 2004) (quoting, among authority, *Nicholson*, 467 F.3d at 526).

The analysis of the *Pioneer* factors weighs in favor of a finding of excusable neglect in this

case. While it is not entirely clear from the motion what miscommunication occurred within counsel's office, the motion is clear that Ligon requested that counsel file an appeal from the Court's Order on Violation of Conditions of Supervised Release, and counsel failed to do so. (Doc. No. 56, at 1.) Ligon has, therefore, proffered a legitimate reason for the delay. *See also United States v. Herrod,* No. 3:12-cr-219-2, 2020 WL 6135054, at *1 (M.D. Tenn. Oct. 19, 2020) (observing that confusion or miscommunication between attorney and client in a criminal case can constitute excusable neglect within the meaning of Rule 4(b) (citing *United States v. Cole*, 726 F. Supp. 726, 727–28 (N.D. Ill. 1989)))). Ligon and his counsel appear to have acted in good faith by quickly correcting the miscommunication through the prompt filing of the present motion. There is no danger of prejudice to the government by allowing an appeal that was lodged three weeks late (and the government did not assert any prejudice), and the Court finds that this short delay will have little impact, if any, on a judicial determination on appeal. Accordingly, the Court concludes that the delay in filing a notice of appeal in this case was due to excusable neglect, warranting an extension of the appeal period.

### III.  CONCLUSION

Defendant filed his motion well within the 30 days the Court was permitted to extend the filing of the notice of appeal, and therefore, the Court grants the motion.

**IT IS SO ORDERED**.

Dated: January 22, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4